UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

3B ASSOCIATES, LLC, 3B GROUP, INC.,

      Plaintiffs,

   -against-                                    No. 22 cv 06955 (CM)

eCOMMISSION SOLUTIONS, LLC,
PAUL HOFFMAN, and GRETCHEN
HOFFMAN,

      Defendants.

---

**ORDER**

McMahon, J.:

      This action has been removed to federal court on the basis of diversity of citizenship, but the notice of removal does not list the names and states of citizenship of every member in the plaintiff LLC. The fact that they are organized under New York law and have offices in New York is irrelevant, since the citizenship of an LLC is the citizenship of every member thereof. *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006). Plaintiffs have until the close of business on Monday, August 22, 2022, to file an affidavit with this court listing the names of every member of the Plaintiff LLC and their state(s) of citizenship, with full addresses.

      I see from the papers that Plaintiffs made what I will characterize as a "reluctant" application for permission to file a redacted version of the amended complaint in the New York State Supreme Court. I also see that a Justice of the New York State Supreme Court entered a temporary restraining order temporarily sealing the amended complaint and giving Defendants until the end of September to explain why the sealing order should or should not remain in place.

That is not how we do things in federal court. The Plaintiffs' application will be treated as a motion for leave to file a redacted version of the amended complaint in the public file. Notwithstanding any order made by Justice Borrock, Defendants have until 5:00 P.M. on August 31, 2022 – not one day longer -- to respond to the motion.  Plaintiff has until 5:00 P.M. on September 7, 2022, to file a reply. The amended complaint will remain under seal until the court rules on the motion.

If the parties should take a look at my individual rules, they will see that I take a dim view of applications to seal pleadings. Any party who wants any paper in this action filed in whole or in part under seal had better be prepared to point to something that truly qualifies as a trade secret, because an agreement to keep matters secret between the parties is not binding on this court and does not override the constitutional right of public access to ALL documents filed in a court of law. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). I am not bound by any confidentiality order in some other lawsuit (even though it is a related lawsuit), and my preliminary reading of the complaint does not suggest that a single word of it should be filed under seal. I will, however, forebear from issuing a final ruling to that effect until the parties have had their say.

Dated: August 18, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL